988 F.2d 119
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Lloyd J. HARTMAN, Plaintiff-Appellant,
v.
POINTER, Dr., SF General Hospital Ambulance Billing and SF
City & County; United States of America,
Defendants-Appellees.
 No. 92-15929.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 11, 1993.*
Decided Feb. 19, 1993.
 
 Appeal from the United States District Court for the Northern District of California; No. CV-90-01244-BAC, Barbara A. Caulfield, District Judge, Presiding.
 N.D.Cal.
 AFFIRMED.
 Before GOODWIN, SCHROEDER and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Lloyd J. Hartman appeals pro se the district court's summary judgment for the United States and the City and County of San Francisco ("City") in his Federal Tort Claims Act ("FTCA") action challenging the City's refusal to transport him to the San Francisco Veterans Administration Medical Center ("SFVA") and the SFVA's refusal to accept him as a patient for emergency treatment. We review de novo a grant of summary judgment. Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990). We affirm.
 
 
 3
 * Background
 
 
 4
 On January 11, 1990, Hartman awoke with severe chest pains. After his building manager called 911, paramedics arrived on the scene, diagnosed Hartman as suffering from a heart attack and provided him with oxygen. Paramedics then suggested that Hartman be transported to a Level I emergency room[1] at one of the four hospitals in the area with whom the City 911 Emergency Service had an emergency care contract. Hartman refused transportation to any of the suggested hospitals and instead directed the paramedics to take him to the SFVA. The paramedics informed Hartman that they did not have a contract with the SFVA for emergency services and therefore would not be able to transport him there.
 
 
 5
 After Hartman repeatedly refused transportation to any of the suggested four hospitals, the paramedics called the SFVA and spoke with a physician on duty, describing Hartman's symptoms. The physician spoke with Hartman and explained that he was in need of emergency care and that he would have to be treated at one of the four hospitals suggested by the paramedics. Hartman, however, continued to refuse transportation to any of the four hospitals and the paramedics finally left the scene. In the morning, after a night of chest pains, Hartman took a bus to the SFVA where he was admitted for treatment.
 
 II
 Merits
 A. Claim against the SFVA
 
 6
 Hartman contends that the SFVA has a duty to provide emergency services to veterans. This contention lacks merit.
 
 
 7
 Under the FTCA, the United States may be held liable to the same extent as a private party for personal injuries caused by the negligence of a federal employee acting within the scope of her employment. 28 U.S.C. §§ 1346(b), 2674; Bunting v. United States, 884 F.2d 1143, 1144-45 (9th Cir.1989). Liability for an employee's act of negligence is determined by the law of the state where the act occurred. 28 U.S.C. § 1346(b); Richards v. United States, 369 U.S. 1, 9 (1962).
 
 
 8
 In California, the measure of duty of a hospital is to exercise that degree of care, skill, and diligence used by hospitals generally in that community, and required by the express or implied contract of the undertaking. Wood v. Samaritan Inst., Inc., 26 Cal.2d 847, 851 (1945).
 
 
 9
 Title 38 of the U.S.Code, governing veterans' benefits, provides that "[t]he Secretary shall furnish hospital care ... which the Secretary determines is needed ... to a veteran for a non-service-connected disability, if the veteran is unable to defray the expenses of necessary care." 38 U.S.C. § 1710(a)(1)(I). In the context of emergency care, the statute provides that "[t]he Secretary may furnish hospital care or medical services as a humanitarian service in emergency cases ..." 38 U.S.C. § 1711(b).
 
 
 10
 Nothing in Title 38 requires that the SFVA must provide emergency transportation or emergency medical treatment to veterans. Moreover, the record indicates that SFVA hospital policy establishes that the SFVA does not accept patients in need of emergency care.[2]
 
 
 11
 Given these circumstances, Hartman has failed to establish that the SFVA violated its duty of care in refusing to provide him with emergency care. See Bunting, 884 F.2d at 1144-45.
 
 B. Claim against the City
 
 12
 Hartman contends that the paramedics violated his constitutional rights by refusing to transport him to the SFVA. This contention lacks merit. There is no statute or constitutional provision which mandates that Hartman be transported to the hospital of his choice. Moreover, the SFVA is not included in the 911 emergency system and accordingly the 911 ambulance service cannot deliver a patient to the SFVA hospital under any circumstances. Because the City had not violated any statutory or constitutional right of Hartman's, the district court properly dismissed Hartman's claim against the city.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Level I emergency rooms accept patients experiencing emergency medical conditions
 
 
 [2]
 According to the SFVA brief, a medically unstable patient must be transported to the nearest emergency facility within the 911 system. Thus, when a veteran calls the SFVA hospital, the physician instructs the veteran to call 911 immediately if the situation involves an emergency situation. After being evaluated at the emergency hospital and when the veteran is deemed stable for transport, he may be transported to the SFVA hospital by SFVA contract ambulance